UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANK BERNABE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0408-CVE-FHM |
| | ) | |
| GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are Garrison Property and Casualty Insurance Company's Motion for Summary Judgment (Dkt. # 32) and Plaintiff's Opposed Motion Under Fed. R. Civ. Pro. 56(d) to Deny Defendant's Motion for Summary Judgment or to Defer Consideration of the Motion so that Plaintiff May Take Discovery (Dkt. # 35). Defendant has filed a response in opposition to plaintiff's motion (Dkt. # 36).

Plaintiff brought this action against defendant on May 9, 2011 in state court alleging breach of contract and breach of the duty of good faith and fair dealing. See Dkt. # 2-1. Defendant removed the action on June 29, 2011. See Dkt. # 2. Plaintiff is the named insured on an automobile insurance policy issued by defendant. On May 10, 2009, plaintiff reported that his automobile had been stolen. After an investigation, defendant denied plaintiff's claim based on alleged material misrepresentations by plaintiff. Plaintiff's petition alleges that defendant breached the insurance policy by refusing to pay the claim and that defendant acted in bad faith in denying the claim. A scheduling order was entered on October 28, 2011, setting a discovery cutoff date of February 29,

2012. Dkt. # 30. Defendant filed its motion for summary judgment on November 15, 2011. It appears that no discovery has taken place.

Defendant argues that summary judgment is warranted on plaintiff's contract claim because plaintiff did not incur any damages and that summary judgment is warranted on plaintiff's bad faith claim because defendant's denial of the claim was "reasonable and legitimate." Dkt. # 33 at 1. Rather than file an opposition to the summary judgment motion, plaintiff has moved under Rule 56 for denial or deferral of the summary judgment motion pending discovery. Plaintiff's attorney admits that he could oppose the motion for summary judgment of the contract claim without discovery. However, plaintiff's attorney has submitted an affidavit stating that he is unable to oppose the summary judgment motion on the bad faith claim without further discovery, including the depositions of defendant's insurance adjusters and discovery related to an expert retained by defendant.

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The Tenth Circuit has stated that "a party seeking to defer a ruling on summary judgment under Rule 56[(d)] must file an affidavit that explains why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." Libertarian Party of NM v. Herrera, 506 F.3d 1303, 1308 (10th Cir. 2007).

The Court has reviewed the parties' submissions and finds that plaintiff has sufficiently demonstrated that he is unable to present facts essential to justify his opposition to summary

judgment. Plaintiff has not had the opportunity to conduct any discovery of defendant's investigation into plaintiff's insurance claim. Thus, plaintiff is unable to present facts relating to what information was considered during defendant's investigation and whether that investigation was conducted in good faith.

In its opposition to plaintiff's motion, defendant requests that, even if the Court finds that discovery is warranted on the bad faith claim, it still consider defendant's summary judgment motion on the contract claim. Given the fact that it does not appear that any discovery has been conducted in this case, and that the time for discovery has not yet expired, the Court finds that it is not in the interest of judicial economy to separately consider two summary judgment motions.

**IT IS THEREFORE ORDERED** that Garrison Property and Casualty Insurance Company's Motion for Summary Judgment (Dkt. # 32) is **denied** without prejudice to refiling after the conclusion of discovery.

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Motion Under Fed. R. Civ. Pro. 56(d) to Deny Defendant's Motion for Summary Judgment or to Defer Consideration of the Motion so that Plaintiff May Take Discovery (Dkt. # 35) is **granted**.

**DATED** this 4th day of January, 2012.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT