# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

FRANK BERNABE, )
)
    Plaintiff, )
)
vs. ) Case No. 11-CV-408-CVE-FHM
)
GARRISON PROPERTY AND CASUALTY )
INSURANCE COMPANY )
*previously named as* )
Garrison Properly and Casualty Company, )
)
    Defendant. )

## OPINION AND ORDER

Defendant's Motion for Protective Order Staying Discovery and Protecting Privileged Communications From Production, [Dkt. 37], is before the Court for decision. Plaintiff has filed a Response, [Dkt. 38], and a hearing was held on February 16, 2012.

Defendant's motion seeks a general stay of discovery in the case pending a ruling on a summary judgment motion and also seeks the protection of two documents based on the attorney client privilege. Chief Judge Eagan has denied a general stay of discovery in this case. [Dkt. 39]. This Order addresses the two documents for which a protective order is sought: a "Communication Recap for Legal Review;" and a "Summary: Attorney Communication." The undersigned has reviewed those documents *in camera*.

The "Communication Recap" provides a factual summary of the investigation of the claims and a recommendation for claim disposition. It was provided to Defendant's in-house counsel to obtain legal advice and services. The "Communication Recap" is listed on Defendant's privilege log with a date of May 10, 2009. Plaintiff argues that document was prepared the same day Plaintiff reported the loss and could have been prepared in the

ordinary course of opening a claim file. *In camera* review of the "Communication Recap" reveals that the document was not created in May 10, 2009. The document refers to actions after that date and appears to summarize the entire claim investigation.

The "Summary: Attorney Communication" refers to facts from the claims investigation and provides legal advice.

Plaintiff contends that the two documents are not covered by the attorney client privilege because they were created in the ordinary course of business. Alternatively, Plaintiff contends Defendant has waived the privilege by placing the attorney's advice in issue. Plaintiff also contends that work product protection is not applicable because the documents were not created in anticipation of litigation.

### Ordinary Course of Business

The investigation of Plaintiff's claim was not conducted by in-house counsel. Defendant's employees or investigators conducted the investigation and all of the facts discovered in the investigation have been or will be disclosed to Plaintiff through discovery. In-house counsel's role was to review those facts and give legal advice to Defendant.

Defendant has a right to consult with counsel and obtain legal advice about a claim. The Court finds the documents are covered by the attorney client privilege. The fact that Defendant may require its employees to obtain legal advice before a claims decision is made does not invalidate or waive the attorney client privilege.

### At Issue Waiver

Plaintiff contends that because Defendant has asserted as one of its defenses that Plaintiff made material misrepresentations, Defendant has placed its communications with

in-house counsel at issue. According to Plaintiff, "Garrison cannot assert a defense based on material misrepresentation which was in turn based on communication from in-house counsel, then use the privilege to preclude Plaintiff from finding out what Garrison knew and learned" [Dkt. 38, p. 8].

Defendant's defense is not based on the communications with in-house counsel. The defense is based on the facts discovered in Defendant's investigation. Plaintiff has full access to all of those facts without invading the attorney client communications with in-house counsel. The Defendant has not put the advice of its in-house counsel at issue. *Lindley v. Life Investors Ins. Co. of America,* 2010 WL 1741407 (N.D. Okla.)(a litigant does not automatically waive privilege protection by asserting an affirmative defense). Moreover, Defendant has stated in open court that it will not in any way introduce the fact that it consulted its in-house attorney or any advice from its attorney unless Plaintiff introduces the issue. Thus, Defendant is not using the attorney client privilege as a sword against Plaintiff, nor is Defendant shielding any facts from Plaintiff by invoking the privilege.

The case of *State Farm Mut. Auto. Ins. Co. v. Lee,* 13 P.3d 1169 (Ariz. 2000), relied on by Plaintiff does not persuade the Court that Defendant has waived the attorney client privilege in this case. *State Farm* applied Arizona law whereas this diversity case is governed by Oklahoma law. Fed.R.Evid. 501. *State Farm* involved the insurance company's reliance on its evaluation of the state of the law on stacking coverage whereas this case involves more factual issues. Further, it is not at all clear that *State Farm* was correctly decided. The dissenting justices noted that the focus of the inquiry into whether a privilege is waived because the party impliedly placed privileged information at issue should be whether the holder of the privilege affirmatively injects the issue which implicates

3

privileged communications. In this case Defendant has not done so.

## Work Product

Since the Court finds that the attorney client privilege applies to the two documents, application of the work product protection need not be addressed.

## Conclusion

Defendant's Motion for Protective Order Staying Discovery and Protecting Privileged Communications From Production, [Dkt. 37], is GRANTED in part and DENIED in part as set out herein.

SO ORDERED this 21st day of February, 2012.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE